# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **EDWINA SUDDETH,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| **VS.** | ) CASE NO. 2:20-cv-00386-SGC |
| | ) |
| | ) |
| **ALABAMA CVS PHARMACY L.L.C.** | ) |
| | ) |
| **DEFENDANT.** | ) |

## REPORT OF THE PARTIES' PLANNING MEETING

1. **Parties Meeting**: The following persons participated in a Rule 26(f) conference by telephone beginning on April 27, 2020:

   Leslie Palmer, Esq. representing Plaintiff, Edwina Suddeth

   J. Allen Sydnor, Jr., Esq. representing the Defendant, Alabama CVS Pharmacy LLC

2. **Brief description of nature of the case**: This is a premises liability case arising out of Plaintiff's fall outside of defendant's store located at 205 Fieldstown Road, Gardendale, Alabama on February 21, 2020. Plaintiff is a resident of Gardendale, Alabama. On that date, Plaintiff tripped over a sign sitting outside of the store.

   Plaintiff suffered injuries from the fall. She was transported by ambulance to St. Vincent's Hospital where she was treated in the Emergency Department and released. Plaintiff was subsequently hospitalized.

3. **Plaintiff's position and claims:** Plaintiff alleges Defendant failed to maintain its premises in a reasonably safe condition. Defendant negligently and wantonly placed a sign at the store's exit door. The placement of the sign and the

conditions surrounding it caused the Plaintiff to fall and suffer injuries including broken bones.

4. **Defenses to the claims and citations to principal cases**: A premises owner's duty to warn is limited to hidden defects that are unknown to the invitee and that would not be discovered by him or her in the exercise of ordinary care. *Ex parte Mountain Top Indoor Flea Mkt., Inc.,* 699 So.2d 158, 161 (Ala. 1997). The owner of the premises is not an insurer of the safety of the invitee, and no presumption of negligence arises out of the mere fact of an injury to the invitee. Id.

As noted in *Johnson v. Logan's Roadhouse, Inc*., 2016 U.S. Dist. LEXIS 118713:

> [T]he owner of premises has no duty to warn an invitee of open and obvious defects in the premises which the invitee is aware of, or should be aware of, in the exercise of reasonable care on the invitee's part. *Dolgencorp, Inc. v. Taylor*, 28 So. 3d 737, 742 (Ala. 2009) (quoting *Mountain Top Indoor Flea Market*, 699 So. 2d at 161) (internal quotation marks omitted). In other words, proof of an open and obvious hazard negates an invitor's duty to warn an invitee of the hazard. See *Sessions*, 842 So. 2d at 652. Courts use an objective standard to assess whether a hazard is open and obvious. See *Dolgencorp*, 28 So. 3d at 741-42 (noting that the question is whether the invitee should have observed the hazard, not whether the invitee actually appreciated it). "[E]ach case must be examined in light of its particular circumstances." See *Gray v. Mobile Greyhound Park, Ltd*., 370 So. 2d 1384, 1389 (Ala. 1979) (quoting *Terrell v. Warehouse Groceries*, 364 So. 2d 675, 677 (Ala. 1978).
>
> The "entire basis of a [business's] liability rests upon [its] superior knowledge of the danger which causes the [customer's] injuries." *Cook v. Wal-Mart Stores, Inc*., 795 F.Supp.2d 1269, 1273 (M.D. Ala. 2011) (quoting *Fowler v. CEC Entm't*, 921 So.2d 428, 432-33 (Ala. Civ. App. 2005) (in turn quoting *Denmark v. Mercantile Stores Co*., 844 So.2d 1189, 1194 (Ala. 2002)).

2

>Proof no one else has been injured by the alleged defect is evidence that the condition is not a defect. *Williams v. Walgreen Co.* 2018 U.S. Dist. LEXIS 70267; 2018 WL 1964569 (April 26, 2016) citing *Miller ex rel. Miller v. Liberty Park Joint Venture, LLC*, 84 So. 3d 88, 92-94 (Ala. Civ. App. 2011).

5.  **Initial Disclosures**. The parties will complete the initial disclosures required by Rule 26(a)(1) by May 15, 2020.

6.  **Discovery Plan**. The parties propose this discovery plan:

(a) Discovery will be needed on these subjects:

1. Circumstances of Plaintiff's fall

2. Condition of the premises including where Plaintiff's fall occurred.

3. Plaintiff's familiarity with CVS store premises.

4. Plaintiff's health and medical treatment during the time frame before and after the fall that is the basis of the litigation.

5. All damages claimed by Plaintiff.

6. The alleged causal relationship between Plaintiff's fall and the claimed injuries/damages.

7. CVS policies and procedures

(b) Dates for commencing and completing fact discovery, including discovery to be commenced or completed before other discovery: All Fact Discovery to be completed by December 15, 2020.

(c) Maximum number of interrogatories by each party to another party, along with the dates the answers are due: Forty-five (45) Interrogatories to be answered within thirty (30) days of service.

(d) Maximum number of requests for admission, along with the dates responses are due: Thirty (30) Requests for Admissions to be answered within thirty (30) days of service.

(e) Maximum number of depositions by each party: Eight (8)

(f) Limits on the length of depositions, in hours: Seven (7)

(g) Dates for exchanging reports of expert witnesses:

1. Plaintiff's expert reports are due by January 29, 2021

2. Defendant's expert reports are due within 60 days of the filing of Plaintiff's expert reports.

3. Any rebuttal expert reports are due within 30 days after the filing of Defendant's expert reports.

(h) Dates for supplementations under Rule 26(e): As soon as reasonably possible after new information is discovered, but not later than Sixty (60) days before trial, absent good cause shown.

7. **Other Items**:

(a) A date if the parties ask to meet with the court before a Scheduling Order: Not applicable.

(b) Requested dates for pretrial conferences: The parties request a Final Pretrial Conference 30 days prior to the trial date.

(c) Final dates for the Plaintiff to amend pleadings or to join parties: September 15, 2020.

(d) Final dates for the Defendant to amend pleadings or to join parties: September 15, 2020

(e) Final dates to file dispositive motions: All potentially dispositive motions should be filed by 30 days after the conclusion of discovery in this cause.

(f) State the prospects for settlement: Unknown/Premature to determine.

(g) Identify any alternative dispute resolution procedure that may enhance settlement prospects: Premature to say if any assistance will be necessary.

(h) Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists: Must be served and filed thirty (30) days before trial.

(i) Final dates to file objections under Rule 26(a)(3): The parties shall have 7 days after service to file objections.

(j) Suggested trial date and estimate of trial length: After May 31, 2021.

Estimated trial length: Three (3) days

(k) Other matters: The parties agree to provide dates for designated experts to be deposed within thirty (30) days of the date they are designated.

(l) The Parties will provide five (5) business days' notice before issuing a subpoena to a non-party to allow the non-serving party reasonable time to object. All objections will be resolved before the issuance of any subpoena.

(m) The Parties agree to the issuance of a standard HIPAA Protective Order to facilitate production of Plaintiff's medical records.

Date: May 15, 2020.

| | |
|---|---|
| */s/ Leslie A. Palmer* | */s/ J. Allen Sydnor, Jr.* |
| Leslie A. Palmer | J. Allen Sydnor, Jr |
| Palmer Law, LLC | HUIE, FERNAMBUCQ & STEWART, LLP |
| 104 23rd Street South, Suite 100 | 3291 US Highway 280, Suite 200 |
| Birmingham, AL 35233 | Birmingham, AL 35243 |
| Leslie@palmerlegalservices.com | asydnor@huielaw.com |
| | |
| ***Attorney for Plaintiff*** | ***Attorney for Defendant*** |